# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Kevin T. Hannon,                                       Civil No. 12-1008 PJS/AJB

           Plaintiff,

v.                                           **REPORT AND RECOMMENDATION
ON MOTION TO DISMISS OR FOR
MORE DEFINITE STATEMENT AND
ON DEFAULT JUDGMENT**

Kathryn Reid,

           Defendant.

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on defendant's Motion to Dismiss or for a More Definite Statement [Docket No. 13] filed on August 10, 2012, and on plaintiff's subsequently filed "Demand for Default Judgment" [Docket No. 29] and "Motion to Deney the Filing of Defendants of any of the Motion Bought Before this Court" [Docket No. 30], wherein plaintiff essentially moves to strike the defendant's answer to his amended complaint and for default judgment. By Order dated August 14, 2012, plaintiff Kevin Hannon was advised that he may file a memorandum in opposition to the motion for dismissal or more definite statement, or alternatively, file an amended complaint. Defendant was provided until September 28, 2012, to reply. Plaintiff subsequently filed an amended complaint [Docket No. 21] on September 7, 2012, and defendant filed an answer [Docket No. 28] to the amended complaint on September 26, 2012.

Now therefore, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss or for a More Definite Statement [Docket No. 13] be **denied as moot**. Plaintiff timely filed an amended complaint as permitted pursuant to the

Court's August 15, 2012, Order.[1] A Proof of Service was filed with the amended complaint indicating that the pleading was sent to defendant on September 4, 2012. However, the envelope was postmarked September 5, 2012.[2] Defendant filed and served an answer to the amended complaint on September 26, 2012, prior to the September 28, 2012, reply date established in the Court's Order.[3] By service and filing an answer to the amended complaint the defendant effectively accepted the amended complaint as an operative pleading and both the motion to dismiss and the alternative motion for more definite statement were thereby rendered moot.

     2. Plaintiff's "Demand for Default Judgment" [Docket No. 29] be **denied**. The filing times in this matter were established by court Order rather than the Federal Rules of Civil Procedure. The court finds that defendant was in compliance with the court's order by filing the answer on or before September 28, 2012. Furthermore, to the extent that the plaintiff seeks to take advantage of the court's typographical error and seek to enforce the 21-day responsive pleading requirement under Fed. R. Civ. P. 12(1)((A)(i), the demand is unavailing for purposes of default judgment. Defendant had made an appearance in the action and had previously filed a motion to dismiss which satisfied the requirement for a responsive pleading. Under these circumstances entry of default judgment is not appropriate, <u>Semler v. Klang</u>, 603 F. Supp. 2d 1211, 1218-19 (D. Minn. 2009), particularly in light of the arguable and minimal lapse of time at

---

[1] Docket No. 19.

[2] Third Affidavit of Margaret Jacot, ¶ 5, Attach. [Docket No. 32-1].

[3] Defendant correctly observes that the Court's Order mistakenly stated that "plaintiff" rather that defendant shall have until September 28, 2012, to submit a reply memorandum. The context of the Order clearly indicates that the plaintiff reference was a typographical error and that "defendant" was the properly referenced party.

issue in the instance.[4] Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001). In addition, default judgment is not justified where the defendant did not intentionally delay responding to the amended complaint, plaintiff has not been prejudiced, and defendant has a meritorious defense. United States, ex rel. Shaver v. Lucas Western Corp., 237 F.3d 932, 933 (8th Cir. 2001) (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783-84 (8th Cir. 1998).

      3. Plaintiff's "Motion to Deney the Filing of Defendants of any of the Motion Bought Before this Court" [Docket No 30] be **denied**. The motion is made solely to facilitate plaintiff's demand for default judgment and default judgment should be denied for the reasons stated above.

Dated:   October 11, 2012

      s/ Arthur J. Boylan
      Arthur J. Boylan
      United States Chief Magistrate Judge

      Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before October 25, 2012.

---

[4] Plaintiff motion states that the defendant was served on September 4, 2012, when in fact, it was not mailed until September 5, 2012. Applying the three-day mailbox rule of Fed. R. Civ. P. 6(d), service was not effective until September 8, 2012. defendant's answer to the amended complaint was timely submitted on September 26, 2012, prior to the Court-established September 28, 2012, reply deadline.