UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin Terrance Hannon,                                    Civil No. 12-1008 PJS/AJB

            Plaintiff,

v.                                                        **REPORT AND RECOMMENDATION**
                                                          **ON SECOND MOTION**
Kathryn Reid, et al.                                      **FOR SANCTIONS**

            Defendants.

This matter is before the court, Chief Magistrate Judge Arthur J. Boylan, on defendant's Second Motion for Sanctions [Docket No. 84]. The amended complaint in this action is brought pursuant to 42 U.S.C. § 1983, and alleges medical treatment claims relating to a head and neck injury. Defendant moves for sanctions, specifically requesting dismissal of the case, based upon plaintiff's failure to provide discovery, and plaintiff's failure to comply with court orders compelling discovery and further advising him that sanctions could be imposed for failure to comply with such orders on discovery. Fed. R. Civ. P. 37(b)(2)(A)(5).

Plaintiff commenced this action by complaint filed on April 24, 2012. Defendant responded by motion to dismiss or for more definite statement of claims. The court thereafter issued an Order requiring plaintiff to either respond to the motion to dismiss or, in the alternative, file an amended complaint. An amended complaint was filed on September 7, 2012; an answer was filed on September 26, 2012; and a pretrial scheduling order was issued on October 11, 2012. On that date the magistrate judge also issued a Report and Recommendation recommending that the motion to dismiss or for more definite statement be denied as moot, and recommending denial of a motion for default brought by the plaintiff. The Report and Recommendation was adopted by Order of the district court dated October 30, 2012.

Defendant moved to compel discovery on March 19, 2013, therein citing plaintiff's refusal to provide discovery and plaintiff's initial indication that he would not respond because he did not have an attorney,[1] as well as a subsequent statement that he would not respond until the court ruled on a motion for arbitration.[2] The court denied plaintiff's motion for arbitration on March 15, 2013. On March 28, 2013, the magistrate judge issued an Order requiring plaintiff to produce appropriate responses to interrogatories and requests for documents and releases, by April 15, 2013. Plaintiff was expressly advised that his objections to discovery were improper and failure to provide discovery may result in sanctions, including dismissal of the action.

Again, plaintiff did not provide discovery, and defendant Kathryn Reid thereafter brought her first motion for sanctions on May 2, 2013. The magistrate judge issued an Order denying the requested sanctions on May 3, 2013, and cited a filed letter response[3] written by the plaintiff in regards to the court's prior order compelling discovery. The plaintiff was specifically allowed "one additional opportunity to comply before imposing sanctions" and was given until May 31, 2013, to properly respond to discovery. He was also expressly advised that failure to comply with "this Order and the court's Order on Motion to Compel dated March 27, 2013, **will result in a recommendation to the district court that this matter be dismissed**."

Defendant filed the Second Motion for Sanctions that is presently before the court

---

[1] [Docket No. 53].

[2] [Docket No. 54].

[3] [Docket No. 70]. Handwritten letter from plaintiff to defendant's counsel, therein stating that he was unable to "fill out you[r] interrogatories at this time," and making assertions with regard to his medical claims and defendant's knowledge of his medical condition.

on June 4, 2013. In her submissions in support of the motion the defendant Reid represents that plaintiff has still not complied with the court's March 27, 2013, and May 3, 2013, Orders. Defendant also references a filing by the plaintiff on May 20, 2013, entitled "General Objections" in which Mr. Hannon offers some criticism of defendant Reid and her attorney, but states no particularized objections to discovery.[4] In direct response to defendant's request for the sanction of dismissal of the case the plaintiff accuses defense counsel of "bullying" him, asserts vulnerability based upon brain injury and limited education, and references his pro se status and limited legal assistance. He further states that he is not withholding evidence and that court papers, as well as kites and communications between the plaintiff and MCF-Oak Park Heights health service personnel, are adequate to show the misconduct of prison health professionals.[5]

In its Order issued on May 3, 2013, the court observed that:

> "[d]efendant's discovery requests as provided in the Fourth Affidavit of Margaret Jacot, Ex. A [Docket No. 58] are not particularly complex or burdensome. In particular, medical documents may be produced by execution of releases which are included with the discovery requests. Plaintiff has clearly placed his medical condition in issue in this case and he has offered no persuasive argument in opposition to production of medical records which can be made subject to protective order as appropriate." Order, n.1.

Again, the record in this case contains no indication of any sincere effort by the plaintiff to comply with his discovery obligations and the court's Orders, despite the court's admonitions.

Now therefore, **IT IS HEREBY RECOMMENDED** that defendant's Second Motion for Sanctions be **granted** [Docket No. 84] and that the amended complaint in this matter be **dismissed** with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(5) as sanction for failure to

---

[4] [Docket No. 82].

[5] [Docket No. 92]. Plaintiff's submission also refers to

3

obey discovery orders.

Dated:    June 17, 2013

   s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before July 2, 2013.