UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN TERRANCE HANNON, | Case No. 12-CV-1008 (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| KATHRYN REID, sued in her individual and official capacity, | |
| Defendant. | |

Kevin Terrance Hannon, pro se.

Margaret E. Jacot, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendant.

Plaintiff Kevin Terrance Hannon, a prisoner, brought this action against defendant Kathryn Reid, an employee of the Minnesota Department of Corrections. Hannon alleges that Reid was deliberately indifferent to his medical needs. This matter is before the Court on Hannon's objection to the June 17, 2013 Report and Recommendation ("R&R") of Chief Magistrate Judge Arthur J. Boylan. In that R&R, Judge Boylan recommends dismissing Hannon's amended complaint pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) because of Hannon's defiance of discovery orders. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts Judge Boylan's R&R.

"Because dismissal is an extreme result," it may "'be considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party.'" *Schubert v. Pfizer, Inc.*, 459 Fed. Appx. 568, 572 (8th Cir. 2012) (quoting *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000)). Each of those three elements is present here.

*First*, on March 28, 2013,[1] Judge Boylan ordered Hannon to respond to defendant Kathryn Reid's interrogatories and requests for written documents, which had been served on Hannon on February 8, 2013. ECF No. 67. Hannon was given until April 15, 2013 to comply with Judge Boylan's order, and Judge Boylan clearly warned Hannon that "failure to produce appropriate responses to interrogatories, as well as requests for documents and releases, may result in imposition of sanctions, including dismissal of the action." *Id*. at 2.

*Second*, Hannon's violation of Judge Boylan's order was clearly willful. Reid's discovery requests were far from onerous, consisting of only nine straightforward interrogatories and four straightforward requests for production of documents. *See* ECF No. 58-1 at 5-7. Yet Hannon has refused to respond to these reasonable requests, serving up one frivolous excuse after another. Before Judge Boylan issued his order compelling discovery, Hannon suggested that, as a pro se litigant, he was not required to respond to discovery requests. ECF No. 53. After Judge Boylan explained in his order that Hannon's status as a pro se litigant did not excuse him from the obligation to respond to discovery requests, Hannon next contended in a letter to opposing counsel that, because his injuries were obvious, Reid did not need to take discovery. *See* ECF No. 70. Hannon also claimed that his mental condition rendered him unable to respond to Reid's discovery requests. *Id*.

Both of these excuses were frivolous. Obviously, Hannon cannot block discovery on the grounds that his medical problems are obvious. And Hannon's mental condition has not prevented him from being a frequent litigator in this Court. By the Court's count, this is the fifth

---

[1] Although Judge Boylan's order is dated March 27, 2013, it was not filed on CM/ECF until the following day.

lawsuit that Hannon has filed.  Hannon's practice is to vigorously prosecute his lawsuits — while, at the same time, complaining that he lacks the mental capacity to vigorously prosecute his lawsuits.  In this case, for example, Hannon has already filed three motions to appoint counsel [ECF Nos. 3, 38, 45]; a motion to schedule an arbitration hearing [ECF No. 52]; a motion to amend his complaint [ECF No. 78]; and numerous other documents.  As the Court previously noted, "Hannon has been able to articulate his claims, assert law and facts that he considers applicable, and state his positions" throughout the proceedings.  ECF No. 46 at 1 (internal quotations omitted).

After receiving Hannon's letter, Reid moved for Hannon to be sanctioned for failure to abide by the order compelling discovery.  ECF No. 71.  Judge Boylan, demonstrating admirable patience, denied Reid's motion and gave Hannon "one additional opportunity to comply before imposing sanctions."  ECF No. 76 at 1.  Hannon repaid Judge Boylan's forbearance by filing "general objections" to Reid's discovery requests, frivolously asserting that those requests were untimely, vague, confusing, and unlikely to lead to the discovery of admissible evidence (among other claims).  ECF No. 82.  At that point, Judge Boylan was unwilling to indulge Hannon's obstructive conduct any further, and Judge Boylan recommended dismissal of Hannon's lawsuit.

Hannon now claims in his objection to the R&R that he "misinterpret[ed]" Judge Boylan's previous orders.  ECF No. 96 at 1.  According to Hannon, he believed that Judge Boylan had ordered the parties to settle the case — and that this "order" of Judge Boylan had absolved Hannon of the need to participate in discovery.  *See id*.  Hannon's argument is ridiculous.  Hannon's motion to schedule an arbitration hearing was denied in no uncertain terms [ECF No. 55], and he was explicitly warned that his "motion for arbitration does not establish

any justification for refusing to respond to discovery . . . ." [ECF No. 67 at 1]. Hannon's latest frivolous excuse, combined with his previous frivolous excuses, demonstrates willful disobedience.[2]

*Third*, Reid has been prejudiced by Hannon's willful failure to comply with the order compelling discovery. The deadline for filing dispositive motions in this case has been extended twice already. *See* ECF Nos. 66, 76. Those extensions were due entirely to Hannon's obduracy. Giving Hannon yet another opportunity to comply with the order compelling discovery would require that the discovery deadline — and every other deadline — to be extended once more, forcing Reid to endure yet more months of litigation. *See Schoffstall v. Henderson*, 223 F.3d 818, 823-24 (8th Cir. 2000) (need to otherwise postpone discovery deadline constitutes prejudice sufficient to warrant dismissal of claims against party seeking to compel discovery). And each refusal of Hannon to comply with his obligations has already required Reid to incur additional attorney's fees to seek the intervention of this Court.

Finally, no sanction less severe than dismissal with prejudice is available to the Court. Hannon is in prison, is indigent, and is acting pro se [*see* ECF No. 4]; any attempt to force him to pay attorney's fees incurred by Reid would be futile. And because the discovery sought by Reid

---

[2]Hannon did make a belated, partial effort to comply with the order compelling discovery: On the same day that the R&R was entered, Hannon filed 49 pages of exhibits with the Court. *See* ECF No. 93. This attempt is both too little and too late. Hannon did not mail these documents to opposing counsel until June 14, 2013 [*see* ECF No. 93-1] — that is, two weeks after expiration of the *third* deadline for discovery set by Judge Boylan [*see* ECF Nos. 35, 67, 76]. Moreover, as Hannon himself acknowledges, his submission is incomplete. *See* ECF No. 93 at 2. The Court concludes that this is simply another effort by Hannon to manipulate the judicial system by doing just enough to forestall dismissal of his case while nevertheless continuing to impede Reid's efforts to defend herself and this Court's efforts to manage its docket.

is central to the case, many of the other sanctions authorized by Rule 37(b) — such as "prohibiting [Hannon] from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," Fed. R. Civ. P. 37(b)(2)(A)(ii) — are the functional equivalents of dismissal with prejudice.  Finally, dismissing Hannon's amended complaint *without* prejudice would simply kick the can down the road; Hannon would just refile his complaint and start the process anew.

For these reasons, the Court adopts Judge Boylan's R&R and dismisses Hannon's amended complaint with prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff Kevin Terrance Hannon's objections [ECF Nos. 95, 96, 99] and ADOPTS the June 17, 2013 R&R [ECF No. 94].  Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant Kathryn Reid's second motion for sanctions [ECF No. 84] is GRANTED.

2. The amended complaint [ECF No. 21] is DISMISSED WITH PREJUDICE.

3. Plaintiff Kevin Terrance Hannon's motion for a hearing [ECF No. 98] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 18, 2013

 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge